UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARKADY MILGRAM, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV 10-00336-GW(PJWx)<br><br>Assigned to the Hon. George H. Wu<br><br>**PRELIMINARY APPROVAL ORDER**<br><br>Action filed January 15, 2010<br>Trial date: None set |

PRELIMINARY APPROVAL ORDER

LA 51287194v5

WHEREAS, Plaintiff has made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement of the above-captioned action (the "Action") in accordance with the Stipulation and Agreement of Settlement filed with this Court which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice; and

WHEREAS, as a condition of the Agreement, Plaintiff, on behalf of himself individually and on behalf of each of the Settlement Class Members, has agreed to release all claims arising under federal, state or common law as specified in Section 6.1 of the Agreement; and

WHEREAS, this Court having read and considered Plaintiff's Motion, the Agreement and Exhibits attached thereto, as well as all arguments and submissions from the Parties and intervenors at the noticed hearings; and

WHEREAS, all defined terms shall have the same meaning as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  For purposes of this Action, this Court has subject matter jurisdiction and, for purposes of the settlement only, this Court has personal jurisdiction over the Parties, including all Settlement Class Members.

2.  For purposes of this settlement only, this Court preliminarily certifies the following Settlement Class:

> All Chase cardmembers nationwide who accepted a promotional check or balance transfer offer, sent by Chase between January 15, 2006 and February 28, 2010, with a promotional interest rate stated in the offer as effective "until your [Month/Year] statement opening date" and who, after acceptance, incurred finance charges on the resulting

LA 51287194v4

promotional balance at a non-promotional rate because of expiration of the promotional interest period (rather than because of the cardmember's non-payment, late payment or any other breach or violation of the cardmember's agreement with Chase).

The Settlement Class preliminarily is certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth below in Paragraph 13.

3.  This Court preliminarily finds, solely for purposes of the settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.  This Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

5.  This Court preliminarily finds that Plaintiff fairly and adequately represents the interests of the Settlement Class and therefore designates Plaintiff as the representative of the Settlement Class.

LA 51287194v4

6. Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and oral and written arguments, this Court designates as Class Counsel the law firms of Milberg LLP and Roxborough, Pomerance, Nye & Adreani, LLP. This Court preliminarily finds that based on the work Class Counsel have done in identifying, investigating and prosecuting the claims in the action, Class Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this action, Class Counsel's knowledge of the applicable law and the resources Class Counsel have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. Plaintiff and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

7. The Final Fairness Hearing shall take place before the Honorable George H. Wu on **November 22, 2011 at 8:30 a.m.** at the United States District Court, Central District of California, Courtroom #10, 312 Spring Street, Los Angeles, California 90012, to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; and the amount of fees and costs that should be awarded to Class Counsel, and the amount of the time and expense/enhancement amount that should be awarded to Plaintiff, as provided for in the Agreement. The Court will also hear and consider any properly lodged objections at that time.

8. This Court approves the form and content of the two Postcard Notices and the Long-form Notice substantially in the forms attached as Exhibits A, B and C to this Order.

LA 51287194v4

9. This Court approves Gilardi and Co. as Settlement Administrator. The Settlement Administrator shall cause the Postcard Notices, substantially in the forms annexed hereto, to be mailed within sixty (60) days following entry of this Order to all Settlement Class Members, at the most recent address shown in Chase's reasonably accessible electronic records, as maintained in the ordinary course of business, for the account at issue. Addresses will be run once through the United States Postal Service National Change of Address system before mailing. Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Postcard Notices.

10. This Court finds that notice as attached to this Order as Exhibits A-C is the only notice required, and that such notice satisfies the requirements of Due Process, the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

11. On May 12, 2011, Defendant gave notice to the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12. The Court approves the claims procedures set forth in Section 7.3 of the Agreement. To be treated as valid, Claim Forms must be postmarked within one hundred twenty (120) days following entry of this Order.

13. Any Settlement Class Member who wishes to opt-out of the Settlement Class shall submit to the Settlement Administrator an appropriate written request for exclusion by mail, postmarked no later than one hundred and five (105) days after entry of this Order. The request for exclusion must be personally signed by the Settlement Class Member, and include: (i) the Settlement Class Member's name, address, telephone number; (ii) the last four digits of the Settlement Class Member's Chase credit card account number(s); (iii) a sentence

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51287194v4

confirming that he or she is a Settlement Class Member; and (iv) a statement to the effect that he/she requests to be excluded from the class settlement in <u>Milgram v. Chase Bank USA, N.A.</u>, United States District Court, Central District of California, Case No. 10-00336 GW (PJWx).  A form exclusion shall be available to download from the website.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

14. All Settlement Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3), pursuant to the procedure set forth in Paragraph 13 above, shall be bound by all determinations and judgments in this Action concerning the settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in Section 6.1 of the Agreement.

15. No later than eighty five (85) days after entry of this Order, Class Counsel shall submit their papers in support of final approval of the Settlement and their application for attorneys' fees, costs and a service award to Plaintiff.

16. Any Settlement Class Member, who has not previously opted-out in accordance with the terms of Paragraph 13 above, may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiff; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless the Settlement Class Member files with this Court a written statement of the objection postmarked no later than one hundred and five (105) days following entry of this Order.  Copies of all objection papers also must be postmarked no later than one hundred and five (105) days following entry of the Preliminary Approval Order, to any one of the following:  Class Counsel, Drew Pomerance, Roxborough, Pomerance, Nye

LA 51287194v4

& Adreani, LLP, 5820 Canoga Avenue, Woodland Hills CA 91367-6549; counsel for Chase: Julia B. Strickland, Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067, or the Settlement Administrator. All objections must include: (i) the objector's name, address and telephone number; (ii) the last four digits of the objector's Chase credit card account number(s); (iii) a sentence confirming that the objector is a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the settlement; (v) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (vi) copies of exhibits intended to be offered into evidence at the Final Fairness Hearing. Counsel for the Parties shall assemble all objections and submit one package to the Court in advance of the Final Fairness Hearing. If the Court hears and overrules a validly submitted objection, the Court may, in its discretion, permit the objecting class member to thereafter opt-out.

17. Class Counsel shall submit their papers in response to any objections by at least seven (7) days before the Final Fairness Hearing.

18. Any Settlement Class Member who does not object to the Settlement, the adequacy of representation, and/or the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiff in the manner prescribed in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Final Approval Order to be entered approving the Settlement, the adequacy of representation or the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiff or from otherwise being heard concerning these subjects in this or any other proceeding.

19. The costs of notice and settlement administration shall be paid from the Settlement Fund as described in Section 4.2 of the Agreement.

LA 51287194v4

20. All proceedings in this Action are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

21. Pending final determination of whether the settlement should be approved, Plaintiff, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 13 above. This injunction is necessary to protect and effectuate the settlement, this Order, and the this Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

22. This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. This Court may approve or modify the settlement without further notice to Settlement Class Members.

IT IS SO ORDERED.

Dated: July 6, 2011

GEORGE H. WU, United States District Judge

LA 51287194v4