1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARKADY MILGRAM, an individual, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>CHASE BANK USA, N.A., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>             Defendants. | CASE NO. CV 10-00336 GW(PJWx)<br>Assigned to the Hon. George H. Wu<br><br>**FINAL APPROVAL ORDER**<br><br><br>Action filed January 15, 2010<br>Trial date: None set |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Plaintiff, on his own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Stipulation and Agreement of Settlement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiff and Chase. Chase does not oppose Plaintiff's Motion.

By Order dated July 6, 2011, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the above-captioned action (the "Action") and, for purposes of this settlement only, personal jurisdiction over the Parties and all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, this Court hereby approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Agreement.

LA 51485802

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this settlement.

a. The Settlement Class is defined as follows:

All Chase cardmembers nationwide who accepted a promotional check or balance transfer offer, sent by Chase between January 15, 2006 and February 28, 2010, with a promotional interest rate stated in the offer as effective "until your [Month/Year] statement opening date" and who, after acceptance, incurred finance charges on the resulting promotional balance at a non-promotional rate because of expiration of the promotional interest period (rather than because of the cardmember's non-payment, late payment or any other breach or violation of the cardmember's agreement with Chase).

b. Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5. For purposes of this settlement only, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually

LA 51485802

controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6. This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of Due Process, the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.  Class Counsel has filed with the Court proof that notice was provided to Settlement Class Members in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order.  Chase's Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

7. This Court has considered and hereby overrules all objections to the settlement on their merits.

8. This Court hereby dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Settlement).

9. By operation of this Final Approval Order and upon the occurrence of the Effective Date, Plaintiff and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, are deemed to have fully, finally and forever released the Released Parties (as defined below) from all Claims (as defined below).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51485802

a. "Released Parties" means Chase, together with its predecessors, successors (including, without limitation, acquirers of all or substantially all of its assets, stock or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including, but not limited to holding companies and JPMorgan Chase & Co.), subsidiaries and affiliates of any of the above; and the past, present and future principals, trustees, partners, claims administrators, officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, or other ownership interests), assigns, representatives, heirs, executors, and administrators of any of the above.

b. "Claims" means any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on breach of contract or any other contractual theory, breach of the implied covenant of good faith and fair dealing, unconscionability, unjust enrichment, or the unfair and deceptive acts and practices statutes of any of the states, or any other state, federal, or local law, statute, regulation or common law, that were alleged (or that could have been alleged based on the same or similar facts and circumstances) in the Milgram Action or the Amended Complaint.

LA 51485802

Without limiting the foregoing, the Claims released pursuant to this paragraph (the "Released Claims") specifically extend to Claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date.

10. The Parties, and all Settlement Class Members, agree that the release in paragraph 9 constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge (and all Settlement Class Members by operation of law shall be deemed to have acknowledged) that the release of unknown Claims as set forth herein was separately bargained for and was a key element of the Settlement.

LA 51485802

11. This Final Approval Order, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to or in furtherance thereof:

a. Will not be offered or received against the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Parties as to the truth or relevance of any fact alleged by Plaintiff, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Milgram Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Amended Complaint or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Amended Complaint or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

b. Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement, except that the Released Parties may refer to it to effectuate the liability protection granted them thereunder;

c. Will not be deemed an admission by Chase that they are subject to the jurisdiction of any court;

d. Will not be construed against Chase as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

12. The Released Parties may file the Agreement and/or this Final Approval Order in any action that may be brought against them in order to support

a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

14. The Court finds that the Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Class Counsel are hereby awarded the sum of $1,500,000.00 in attorneys' fees and costs, which sum the Court finds to be fair and reasonable, which shall be paid to Class Counsel from the Settlement Fund. The award of attorneys' fees and costs shall be allocated among Class Counsel in a fashion which, in the opinion of Class Counsel, fairly compensates Class Counsel for their respective contributions in the prosecution of the Action.

16. Plaintiff Arkady Milgram is hereby awarded $7,500.00 from the Settlement Fund. This service award is for his time and efforts spent conferring with and assisting Class Counsel to help further the Action for the benefit of the Settlement Class.

17. In making the award of attorneys' fees and costs to Class Counsel and service award to Plaintiff, the Court has considered and found that:

a. After an agreement was reached among the Parties as to all principal terms and conditions of the Agreement, the Parties entered into arm's-length discussions regarding attorneys' fees for Class Counsel, including extensive

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51485802

discussions through and with the assistance of a third-party mediator, Hon. Edward A. Infante (Ret.);

    b.    The settlement created a benefit with a substantial value to the Settlement Class and numerous Settlement Class Members who are entitled to Direct Payment or who submit acceptable Claim Payments will benefit from the Settlement created by Class Counsel;

    c.    1,858,376 copies of the Postcard Notice were disseminated to putative Settlement Class Members indicating that Class Counsel were moving for attorneys' fees and expenses in the amount of $1,500,000 and for a $7,500 service award for Plaintiff. Eight objections were filed against the terms of the proposed Settlement or the ceilings on the attorneys' fees and costs requested by Class Counsel and on the service award to Plaintiff disclosed in the Postcard Notice;

    d.    Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    e.    The Action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    f.    Had Class Counsel not achieved the Settlement there would remain a significant risk that the Settlement Class may have recovered less or nothing from the defendant;

    g.    Class Counsel have devoted over 907.75 hours, with a lodestar value of over $503,275.75 to achieve the Settlement; and

    h.    The amount of attorneys' fees and costs awarded and the amount of the service award to Plaintiff are fair and reasonable and consistent with awards in similar cases.

LA 51485802

18. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and this Settlement. Class Counsel are to continue in their role to oversee all aspects of the Agreement and settlement. Upon notice to Class Counsel, Chase may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

19. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

20. There is no just reason for delay in the entry of this Final Approval Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: November 22, 2011

_____
GEORGE H. WU, United States District Judge

LA 51485802